# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 SPRING STREET, SW
### ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
CLERK OF COURT

CRIMINAL SECTION
404-215-1615

February 4, 2008

Clerk of Court
1225 E. Barrett Prettyman
  United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

CR 07-147-02-GK

FILED

FEB - 7 2008

Clerk, U.S. District and
Bankruptcy Courts

    RE:   United States of America v. Mohamed Ngena
           NDGA Case No.: 1:08-mj-093
           Your Case No.: 07-147

Dear Clerk:

    Rule 5(c)(3) proceedings were held in this district on January 28, 2008. Please find enclosed original documents of said proceedings, and certified copies of commitment to another district and docket sheet.

    Please acknowledge receipt on the enclosed copy of this letter. If this office can be of any further assistance, please contact the undersigned deputy clerk at (404) 215-1655.

                Sincerely,

                James N. Hatten
                Clerk of Court

        By:     *s/Belqyis Evans*
                Deputy Clerk

Enclosures

FILED IN CHAMBERS
U.S.D.C.  Atlanta

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAN 28 2008

JAMES N. HATTEN, Clerk

By _____ Deputy Clerk

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

MOHAMED NGENA,

               Defendant.

CASE NO. 1:08-MJ-093

## ORDER  APPOINTING  COUNSEL

NATASHA PERDEW SILAS

    The above-named defendant has testified under oath or has filed with the Court

an affidavit of financial status and hereby satisfied this Court that he or she is financially

unable to employ counsel.

    Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed

to represent this defendant in the above-captioned case unless relieved by an Order of

this Court or by Order of the Court of Appeals.

    Dated at Atlanta, Georgia this 28TH day of January, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE'S CRIMINAL MINUTES**
**REMOVALS (RULE 40)**

FILED IN OPEN COURT
DATE: 1-28-08 @ 3'.35
TAPE: 08-02 @ 1426
TIME: ____ Hrs. 7 Mins.

MAGISTRATE <u>JUDGE RUSSELL G. VINEYARD</u> PRESIDING
<u>P.M. WALKER</u> DEPUTY CLERK

CASE NUMBER <u>1'08-mj-093</u>    DEFENDANT'S NAME <u>Mohamed Ngena</u>
AUSA <u>Anand</u>    DEFENDANT'S ATTY <u>Natasha Perdew Silas</u>
USPO ____    Type Counsel (circle)    Retained    CJA    (FDP)

___✓___ Initial appearance hearing held.
___✓___ Defendant informed of rights.
___✓___ ORDER appointing Federal Defender Program attorney for defendant.
_____ ORDER appointing ____ attorney for defendant.
_____ ORDER defendant shall pay attorney's fees as follows: ____
____
_____ Defendant WAIVES removal hearing (as to IDENTITY only). WAIVER FILED.
_____ Defendant WAIVES preliminary hearing (___ In this district only). WAIVER FILED.
___✓___ Removal hearing set/reset/cont to <u>1-31-08</u>    @ <u>2:00pm</u>.
_____ Removal hearing HELD.
_____ Order finding Probable Cause. Defendant held to District Court for removal to other district.
_____ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.
_____ Order defendant removed to other district. Commitment issued ____
_____ Miscellaneous: ____

### BOND/PRETRIAL DETENTION HEARING

___✓___ Government Motion for DETENTION filed.
_____ Bond/Pretrial DETENTION hearing held.
___✓___ Pretrial detention hearing set for <u>1-31-08 @ 2:00pm</u>. (___ In charging district)
_____ (___VERBAL) Motion to reduce bond GRANTED.
_____ (___VERBAL) Motion to reduce bond DENIED.
_____ Pretrial DETENTION ORDERED. (Written order to follow ____).
_____ BOND SET at $____.
       _____ NON-SURETY
       _____ SURETY/CASH: ____ Property Acceptable: ____ Corporate Surety Only
       _____ Combination: ____
_____ SPECIAL CONDITIONS: ____
____
____
____

_____ BOND FILED. Defendant RELEASED.
_____ BOND NOT EXECUTED. DEFENDANT TO REMAIN IN MARSHAL'S CUSTODY.

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term
### Grand Jury Sworn in on May 11, 2006

1:08-mj-093

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO.  07 - 14 7 |
| | : | **GRAND JURY ORIGINAL** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | 18 U.S.C. § 1349 (Conspiracy); |
| STEVEN F. HILL, and | : | 18 U.S.C. § 1344 (Bank Fraud); |
| | : | 18 U.S.C. § 2 (Aiding and Abetting, Causing |
| MOHAMED NGENA, also known as | : | an Act to be Done) |
| MOHAMED GAYENGENA | : | |
| Defendants. | : | |



**FILED IN OPEN COURT**

KESSLER, J. GK        __INDICTMENT__        JUN 0 7 2007

 The Grand Jury charges that:

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## COUNT ONE – CONSPIRACY TO COMMIT BANK FRAUD

### INTRODUCTION

At all times relevant to this indictment:

1.     The following banks were financial institutions whose deposits were insured by the

Federal Deposit Insurance Corporation:  Bank of America, Chevy Chase Bank, SunTrust Bank, and

National City Bank.

2.     Premier Services was a fictitious company created by law enforcement that existed

in name only and was used for the purposes of facilitating a counterfeit check fraud investigation.

Premier Services purported to have an account at SunTrust Bank with a large balance that was not

regularly monitored.  All checks drafted on a Premier Services account were false and fraudulent

Case Related To 06-30, 06-241

counterfeit checks in that Premier Services was not an operating business and did not maintain authorized checks.

3.    A coconspirator known to the grand jury maintained multiple bank accounts at a Las Vegas, Nevada branch of Bank of America in the name of Dan's Cleaning Service, an organization which operated in and affected interstate commerce.

## THE CONSPIRACY

4.    From between on or about May 5, 2004 until on or about March 12, 2005, in the District of Columbia and elsewhere, defendants STEVEN F. HILL, MOHAMED NGENA, also known as MOHAMED GAYENGENA, Coconspirator A, and others known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, namely, Bank Fraud, that is, to knowingly devise and execute, or attempt to execute, a scheme and artifice to defraud financial institutions and to obtain money owned by and under the custody or control of financial institutions by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

## The Goal of the Conspiracy

5.    The goal of the conspiracy was for the coconspirators, including defendants STEVEN F. HILL, MOHAMED NGENA, also known as MOHAMED GAYENGENA, and Coconspirator A to enrich themselves by fraudulently obtaining monies from financial institutions by means of depositing and presenting for payment false and fraudulent counterfeit checks at various bank branches in the District of Columbia and elsewhere.

2

### Manner and Means of the Conspiracy

6.    In order to achieve the goal of the conspiracy, defendants STEVEN F. HILL, MOHAMED NGENA, also known as MOHAMED GAYENGENA, and Coconspirator A, together with others known and unknown to the grand jury would and did use the following manner and means, among others:

7.    The essence of the scheme involved the following: a person known to the grand jury would present to defendants STEVEN F. HILL and MOHAMED NGENA, also known as MOHAMED GAYENGENA, and to other persons known to the grand jury counterfeit checks drawn on the account of Premier Services. Believing these checks, and other counterfeit checks created by the coconspirators, to be counterfeit and knowing they had no right to any funds from the checks, defendants STEVEN F. HILL and MOHAMED NGENA, also known as, MOHAMED GAYENGENA, then would deposit or attempt to deposit the checks into various bank accounts an effort to cash them.

8.    It was further part of the scheme that:

a.    Defendant MOHAMED NGENA, also known as MOHAMED GAYENGENA, in the District of Columbia and Maryland would deposit or attempt to deposit into his own bank account counterfeit checks made payable to him and drawn on a bank account of Premier Services.

b.    In an effort to execute this scheme, defendant MOHAMED NGENA, also known as MOHAMED GAYENGENA, and others known and unknown to the ground jury, would engage in the following acts:

I.    a person known to the grand jury would obtain counterfeit checks drawn on a SunTrust account of Premier Services payable to MOHAMED NGENA, also known as MOHAMED GAYENGENA.

3

ii.    defendant MOHAMED NGENA, also known as MOHAMED GAYENGENA, would open or maintain bank accounts at Chevy Chase and SunTrust banks with the intent of depositing counterfeit checks into those accounts.

iii.    people known to the grand jury would deliver the Premier Services checks to defendant MOHAMED NGENA, also known as MOHAMED GAYENGENA, with the intent of having him deposit and cash the counterfeit checks.

iv.    believing them to be counterfeit checks, defendant MOHAMED NGENA, also known as MOHAMED GAYENGENA, would deposit the Premier Services counterfeit checks into one of his bank accounts with the intent of cashing the checks.

v.    once the money from the checks was fraudently obtained, defendant MOHAMED NGENA, also known as MOHAMED GAYENGENA, would split the proceeds from the counterfeit checks with coconspirators.

c.    Defendants STEVEN F. HILL and MOHAMED NGENA, also known as MOHAMED GAYENGENA, in the District of Columbia and Las Vegas, Nevada would deposit or attempt to deposit into a bank account of Dan's Cleaning Service counterfeit checks made payable to Dan's Cleaning Service.

d.    In an effort to execute this scheme, defendants STEVEN F. HILL and MOHAMED NGENA, also known as MOHAMED GAYENGENA, and others known and unknown to the grand jury would engage in the following acts:

I.    a person known to the grand jury would obtain counterfeit checks drawn on a SunTrust account of Premier Services payable to Dan's Cleaning Service.

4

ii.    MOHAMED NGENA, also known as MOHAMED GAYENGENA, and a person known to the grand jury would create other counterfeit checks drawn on various bank accounts and payable to Dan's Cleaning Service.

iii.    a person known to the grand jury would deliver the Premier Services and other counterfeit checks to defendant STEVEN F. HILL with the intent of having him and other coconspirators known to the grand jury deposit and cash the checks.

iv.    a coconspirator known to the grand jury would maintain a bank account at a Bank of America branch in Las Vegas, Nevada for the purpose of permitting counterfeit checks to be deposited into the account.

v.    believing them to be counterfeit checks, defendant STEVEN F. HILL and a coconspirator known to the grand jury would in Las Vegas, Nevada deposit the Premier Services and other counterfeit checks into a Dan's Cleaning Service bank account with the intent of cashing the checks.

vi.    once the money from the counterfeit checks was fraudently obtained, defendants STEVEN F. HILL, MOHAMED NGENA, also known as MOHAMED GAYENGENA, and other coconspirators known and unknown to the grand jury would split the proceeds from the counterfeit checks among themselves.

### Overt Acts

9.    Within the District of Columbia, and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, defendants STEVEN F. HILL, MOHAMED NGENA, also known as MOHAMED GAYENGENA, Coconspirator A, and other

coconspirators known and unknown to the Grand Jury, committed the following overt acts, among others:

### A.  Overt Acts (1) - (11) Regarding the D.C. Checks

(1)    On or about May 5, 2004, Coconspirator A telephoned a cooperating witness about initiating a counterfeit check scheme.

(2)    On or about May 7, 2004, Coconspirator A told the cooperating witness that MOHAMED NGENA, also known as MOHAMED GAYENGENA, had a source at Chevy Chase Bank and that Coconspirator A and MOHAMED NGENA, also known as MOHAMED GAYENGENA, have engaged in a counterfeit check scheme previously.  Coconspirator A further suggested that MOHAMED NGENA, also known as MOHAMED GAYENGENA, would be available to do another counterfeit check scheme with Coconspirators A and the cooperating witness.

(3)    On or about May 13, 2004, Coconspirator A, the cooperating witness, and MOHAMED NGENA, also known as MOHAMED GAYENGENA, met in Bladensburg MD to discuss the counterfeit check scheme.

(4)    On or about June 3, 2004,  Coconspirator A, the cooperating witness, and MOHAMED NGENA, also known as MOHAMED GAYENGENA, met in the District of Columbia regarding the counterfeit check scheme.  During this meeting, the cooperating witness showed Coconspirator A and MOHAMED NGENA, also known as MOHAMED GAYENGENA, three counterfeit checks.  MOHAMED NGENA, also known as MOHAMED GAYENGENA, agreed to cash one of the counterfeit checks in the amount of $1,985.

(5)    On or about June 4, 2004, Coconspirator A, the cooperating witness, and MOHAMED NGENA, also known as MOHAMED GAYENGENA, meet and deposited the $1,985 counterfeit check drawn on a bank account of Premier Services at an ATM machine of a Chevy Chase bank branch in the District of Columbia.

(6)    On or about June 8, 2004, Coconspirator A, the cooperating witness, and MOHAMED NGENA, also known as MOHAMED GAYENGENA, met and traveled to a Chevy Chase bank branch in the District of Columbia for the purpose of depositing a counterfeit Premier Services check in the amount of $7,495. MOHAMED NGENA, also known as MOHAMED GAYENGENA, attempted to deposit the check into an account by use of an ATM machine, but MOHAMED NGENA, also known as MOHAMED GAYENGENA, learned that his account was not available.

(7)    On or about June 24, 2004, Coconspirator A, the cooperating witness, and MOHAMED NGENA, also known as MOHAMED GAYENGENA, met in the District of Columbia for the purpose of depositing into an account of MOHAMED NGENA, also known as MOHAMED GAYENGENA, a counterfeit Premier Services check in the amount of $9,480.

(8)    On or about June 30, 2004, Coconspirator A, the cooperating witness, and MOHAMED NGENA, also known as MOHAMED GAYENGENA, met and traveled to SunTrust bank branches in the District of Columbia and elsewhere in an attempt to deposit a $9,480 counterfeit Premier Services check. The cooperating witness provided MOHAMED NGENA, also known as MOHAMED GAYENGENA, $100 to facilitate the opening and initiation of an account for MOHAMED NGENA, also known as MOHAMED GAYENGENA.

7

(9)    On or about July 7, 2004, the cooperating witness informed Coconspirator A that the cooperating witness had prepared a counterfeit check in the amount of $15,000, and they discussed the scheme to deposit the check.

(10)    On or about July 20, 2004, the cooperating witness and MOHAMED NGENA, also known as MOHAMED GAYENGENA, met in the District of Columbia and MOHAMED NGENA, also known as MOHAMED GAYENGENA, deposited a counterfeit Premier Services check in the amount of $15,000 into a SunTrust bank account of MOHAMED NGENA, also known as MOHAMED GAYENGENA.

(11)    On or about July 26, 2004, the cooperating witness had a telephone conversation with MOHAMED NGENA, also known as MOHAMED GAYENGENA, in which they discussed that MOHAMED NGENA, also known as MOHAMED GAYENGENA, was withdrawing funds as a result of having deposited and negotiated the $15,000 counterfeit Premier Services check. The cooperating witness and MOHAMED NGENA, also known as MOHAMED GAYENGENA, further discussed the split that each of the coconspirators should receive from the $15,000 check.

### B. Overt Acts (12)-(24) Regarding the Las Vegas Checks

(12)    On or about June 28, 2004, STEVEN F. HILL and a coconspirator known to the grand jury deposited into a Bank of America bank branch in Las Vegas a counterfeit check in the amount of $300,000 that had been provide to them by Coconspirator A and MOHAMED NGENA, also known as MOHAMED GAYENGENA.

(13)    On or about June 29, 2004, Coconspirator A, the cooperating witness, and MOHAMED NGENA, also known as MOHAMED GAYENGENA, participated in a telephone

8

conversation in which they discussed a counterfeit check scheme involving the deposit of a $300,000 counterfeit check in Las Vegas.

(14)    On or about August 8, 2004, Coconspirator A, the cooperating witness, and STEVEN F. HILL participated in a telephone conversation in which he cooperating witness agreed to produce a counterfeit check and send it to STEVEN F. HILL for him to deposit and cash.

(15)    On or about September 1, 2004, Coconspirator A, the cooperating witness, and STEVEN F. HILL participated in a telephone conversation in which STEVEN F. HILL provided account and routing information concerning a bank account relating to Dan's Cleaning Service, an account in which the previously discussed counterfeit check should be deposited. STEVEN F. HILL advised the cooperating witness that he will receive half the amount of the counterfeit check as proceeds for the transaction.

(16)    On or about November 30, 2004 and while in the District of Columbia, the cooperating witness provided Coconspirator A with a counterfeit Premier Services check in the amount of $15,000. Coconspirator A placed a telephone call to STEVEN F. HILL about the counterfeit check and arrangements were made for Coconspirator A to express mail the counterfeit Premier Services check to STEVEN F. HILL.

(17)    On or about December 1, 2004, a coconspirator known to the grand jury received the $15,000 counterfeit Premier Services check and deposited it into a Dan's Cleaning Service account at a Bank of America branch in Las Vegas.

(18)    On or about December 13, 2004, STEVEN F. HILL and a coconspirator known to the grand jury withdrew cashier's checks as proceeds from the $15,000 counterfeit Premier Services check.

(19)    On or about December 16, 2004, STEVEN F. HILL, Coconspirator A, and the cooperating witness participated in a meeting in the District of Columbia during which STEVEN F. HILL provided the cooperating witness with proceeds from the $15,000 counterfeit Premier Services check deposited in Las Vegas. STEVEN F. HILL further explained why the proceeds were smaller than expected and discussed methods used by STEVEN F. HILL and other coconspirators to make fraudulent transactions appear legitimate.

(20)    On or about January 10, 2005, Coconspirator A, the cooperating witness, STEVEN F. HILL, and an undercover law enforcement officer participated in a telephone conversation in which STEVEN F. HILL discussed the $15,000 counterfeit Premier Services check deposited in Las Vegas, how STEVEN F. HILL and other coconspirators create paperwork to make fraudulent transactions appear legitimate, and STEVEN F. HILL suggested he could handle a counterfeit check in an amount of $500,000.

(21)    On or about March 1, 2005, Coconspirator A and the cooperating witness traveled to Las Vegas to meet STEVEN F. HILL and a coconspirator known to the grand jury, and all four people met in Las Vegas and discussed the deposit of a $500,000 counterfeit check.

(22)    On or about March 2, 2005, Coconspirator A, the cooperating witness, STEVEN F. HILL, and a coconspirator known to the grand jury met and traveled to a Bank of America branch in Las Vegas where a coconspirator known to the grand jury attempted to deposit into a Dan's Cleaning Service account a $500,000 counterfeit Premier Services check. A coconspirator known to the grand jury provided the cooperating witness with a Bank of America business card and told him that he should wire the money from the account because of the delay required to be able to obtain cash were the counterfeit check deposited as they had planned.

10

(23)    On or about March 9, 2005, Coconspirator A and STEVEN F. HILL participated in a telephone conversation in which STEVEN F. HILL suggested plans for the $500,000 counterfeit Premier Services check to be deposited in a Bank of America branch in the District of Columbia.

(24)    On or about March 11, 2005, STEVEN F. HILL, the cooperating witness, and an undercover law enforcement officer participated in a telephone conversation in which they discussed problems with depositing the $500,000 counterfeit Premier Services check.  STEVEN F. HILL informed the cooperating witness and the undercover law enforcement officer that STEVEN F. HILL had made arrangements for the $500,000 counterfeit Premier Services check to be deposited at a Bank of America branch in the District of Columbia using a Dan's Cleaning Service account.

**(Conspiracy, Aiding and Abetting, Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1349 and 2)**

## COUNTS TWO THROUGH EIGHT – BANK FRAUD

1.    Paragraphs 1-3 and 5-9 contained in Count One are re-alleged and are incorporated herein by reference.

### THE BANK FRAUD SCHEME

2.    From on or about at least May 5, 2004, through on or about at least August 27, 2004, MOHAMED NGENA, also known as MOHAMED GAYENGENA, Coconspirator A, and others known and unknown to the grand jury devised and executed, or attempted to execute, a scheme to knowingly steal more than $33,000.00 from Premier Services and financial institutions by creating counterfeit checks drawn on an account of Premier Services and then, in the District of Columbia or Maryland, depositing or attempting to deposit those counterfeit checks into bank accounts

11

affiliated with MOHAMED NGENA, also known as MOHAMED GAYENGENA, at Chevy Chase Bank or SunTrust Bank. It was further part of the scheme that once deposited, MOHAMED NGENA, also known as MOHAMED GAYENGENA, and others known and unknown to the grand jury would draw out or attempt to draw out money from the checks in an effort to defraud Premier Services, Chevy Chase Bank and SunTrust Bank.

3.    From on or about at least May 5, 2004, through on or about at least March 12, 2005, STEVEN F. HILL, MOHAMED NGENA, also known as MOHAMED GAYENGENA, Coconspirator A, and other coconspirators known and unknown to the grand jury devised and executed, or attempted to execute, a scheme to knowingly steal at least $815,000.00 from Premier Services, financial institutions, and others by creating counterfeit checks drawn on an account of Premier Services and others and then, in Las Vegas, Nevada or the District of Columbia, depositing those counterfeit checks into bank accounts affiliated with Dan's Cleaning Service. It was further part of the scheme that once deposited, STEVEN F. HILL and a coconspirator known to the grand jury would draw out money from the checks in an effort to defraud Premier Services, Bank of America, National City Bank, SunTrust Bank, and others.

4.    From on or about at least May 5, 2004 and continuing through on or about August 27, 2004, within the District of Columbia and elsewhere, MOHAMED NGENA, also known as MOHAMED GAYENGENA, Coconspirator A, and other coconspirators known and unknown to the grand jury devised and executed, or attempted to execute, a scheme and artifice to defraud financial institutions, that is, Chevy Chase Bank and Suntrust Bank, and to obtain money owned by and under the custody or control of financial institutions, that is Chevy Chase Bank and SunTrust Bank, by means of false and fraudulent pretenses, representations and promises, that is by presenting

12

to the banks listed below the following checks made payable to MOHAMED NGENA, also known as MOHAMED GAYENGENA, knowing that the checks were counterfeit:

| Count | Date | Depositing Bank | Payor | Check /Payor's Bank | Amount |
|---|---|---|---|---|---|
| Two | 6/4/04 | Chevy Chase | Premier Services | 3886/SunTrust | $1,985.00 |
| Three | 6/8/04 | Chevy Chase | Premier Services | 3942/ SunTrust | $7,495.00 |
| Four | 6/22/04 - 6/30/04 | Suntrust | Premier Services | 3942/SunTrust | $9,480.00 |
| Five | 7/20/04 | Suntrust | Premier Services | 3972/ SunTrust | $15,000.00 |

5.    From on or about at least May 5, 2004 and continuing through on or about March 12, 2005, within the District of Columbia and elsewhere, STEVEN F. HILL,  MOHAMED NGENA, also known as MOHAMED GAYENGENA, Coconspirator A, and other coconspirators known and unknown to the grand jury devised and executed, or attempted to execute, a scheme and artifice to defraud financial institutions, that is, Bank of America and National City Bank, and to obtain money owned by and under the custody or control of financial institutions, that is Bank of America and National City Bank, by means of false and fraudulent pretenses, representations and promises, that is by presenting to the banks listed below the following checks made payable to Dan's Cleaning Services, knowing that the checks were counterfeit:

| Count | Date | Depositing Bank | Payor | Check /Payor's Bank | Amount |
|---|---|---|---|---|---|
| Six | 6/28/04 | Bank of America | PrevBenefit Co., LLC | 2000/National City Bank | $300,000.00 |

6.    From on or about at least May 5, 2004 and continuing through on or about March 12, 2005, within the District of Columbia and elsewhere, STEVEN F. HILL, Coconspirator A, and other coconspirators known and unknown to the grand jury devised and executed, or attempted to execute, a scheme and artifice to defraud financial institutions, that is, Bank of America and Suntrust

Bank, and to obtain money owned by and under the custody or control of financial institutions, that is Bank of America and SunTrust Bank, by means of false and fraudulent pretenses, representations and promises, that is by presenting to the banks listed below the following checks made payable to Dan's Cleaning Services, knowing that the checks were counterfeit:

| Count | Date | Depositing Bank | Payor | Check /Payor's Bank | Amount |
|-------|------|-----------------|-------|---------------------|--------|
| Seven | 12/1/04 | Bank of America | Premier Services | 4377/SunTrust | $15,000.00 |
| Eight | 3/2/05 | Bank of America | Premier Services | 4464/ SunTrust | $500,000.00 |

(Bank Fraud and Aiding and Abetting, Causing an Act to be Done, in violation of 18 U.S.C. §§ 1344, 2).

A TRUE BILL

FOREPERSON.

Jeffrey A. Taylor / JR
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk

By _____
Deputy Clerk

14

FILED IN CHAMBERS
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

JAN 28 2008

JAMES N. HATTEN, Clerk

By ᴘᴍᴡ Deputy Clerk

UNITED STATES OF AMERICA          :

                    v.            :

~~STEVEN F. HILL~~                :

ᔆᔆᵗ Mohamed Ngena, et al.

:    CRIMINAL ACTION

:    NO.  08-MJ-093

GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, David E. Nahmias, United States Attorney, and JUSTIN S. ANAND, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1.  Eligibility of Case.

This case is eligible for a detention order because this case involves (check all that apply):

_____    Crime of violence (18 U.S.C. § 3156)

_____    Maximum sentence of life imprisonment or death

_____    10 + year drug offense

_____    Felony, with two prior convictions in the
          above categories

___✓___    Serious risk the defendant will flee

_____    Serious risk of obstruction of justice

3

2.    Reason for Detention.

The Court should detain defendant because there are no conditions of release that will reasonably assure (check one or both):

___✓___    Defendant's appearance as required

_____    Safety of any other person and the community


3.    Rebuttable Presumption.

The United States (will, will not) invoke the rebuttable presumption against defendant under § 3142(e).    (If yes)    The presumption applies because (check one or more):

_____    There is probable cause to believe defendant committed 10 + year drug offense.

_____    There is probable cause to believe defendant committed an offense in which a firearm was used, carried, or possessed under § 924(c).

_____    Defendant has been charged with a federal offense that is described in § 3142(f)(1), and

(1) defendant has been convicted of a Federal offense that is described in § (f)(1)of this section, or of a State or Local offense that would been an offense described in § (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

2

(2)  the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

(3)  A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

_____    [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2),    2252(a)(3),    2252A(a)(1),    2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4.  <u>Time for Detention Hearing.</u>

    The United States requests the Court conduct the detention hearing:

_____    At the initial appearance.

✓    After continuance of __3__ days (not more than 3).

    The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

    Dated:  this 28TH day of January, 2008.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

JUSTIN S. ANAND
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6322
Ga. Bar No.016116

4

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

Natesha Perdew Silas
Federal Defender Program

This 28th day of January, 2008.

JUSTIN S. ANAND
ASSISTANT UNITED STATES ATTORNEY

5

AO 470 (8/85) Order of Temporary Detention

*DMV*

~~FILED IN CHAMBERS~~
U.S.D.C.  Atlanta

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

JAN 2 8 2008

JAMES N. HATTEN, Clerk

By  *Pmw*  ~~Deputy Clerk~~

UNITED STATES OF AMERICA,

vs.

**ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT
TO BAIL REFORM ACT**

MOHAMED NGENA

CASE NO:  1:08-MJ-093

Upon motion of the Government, it is **ORDERED** that a detention hearing is set for [1]

JANUARY  31st, 2008  at 2:00pm before United States Magistrate Judge  RUSSELL

G. VINEYARD, U.S. Courthouse, Richard B. Russell Building, 20THth Floor, Courtroom

2022, 75 Spring Street, S.W., Atlanta, Georgia 30303.

Pending this hearing, the defendant shall be held in custody by the United States

Marshal and produced for the hearing.

Dated at Atlanta, Georgia this  28TH day of  JANUARY, 2008

*Russell G. Vineyard*
UNITED STATES MAGISTRATE JUDGE

---

[1]  If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant  18 U S C. 3142(f)(2)
     A hearing is required whenever the conditions set forth in 18 U.S.C  3142(f) are present   Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government, subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror

4

**MAGISTRATE'S CRIMINAL MINUTES**
**REMOVALS (RULE 40)**

FILED IN OPEN COURT
DATE: 1-31-08 @ 2:03
TAPE: 08-03 @ 1625
TIME:_____ Hrs. 17 Mins.

MAGISTRATE JUDGE RUSSELL G. VINEYARD  PRESIDING

P.M. WALKER DEPUTY CLERK

CASE NUMBER 1: 08-mj-093    DEFENDANT'S NAME Mohamed Ngena
AUSA Anand    DEFENDANT'S ATTY Natasha Perdew Silas
USPO _____    Type Counsel (circle)  Retained  CJA  (FDP)

_____ Initial appearance hearing held.
_____ Defendant informed of rights.
_____ ORDER appointing Federal Defender Program attorney for defendant.
_____ ORDER appointing _____ attorney for defendant.
_____ ORDER defendant shall pay attorney's fees as follows: _____
_____
_____ Defendant WAIVES removal hearing (as to IDENTITY only).  WAIVER FILED.
_____ Defendant WAIVES preliminary hearing (___ In this district only).  WAIVER FILED.
_____ Removal hearing set/reset/cont to _____@_____.
__✓__ Removal hearing HELD. ( I , D, )
_____ Order finding Probable Cause.  Defendant held to District Court for removal to
       other district.
_____ Order defendant identified as named defendant in indictment/complaint.  Defendant
       held to be removed to other district.
__✓__ Order defendant removed to other district.  Commitment issued _____
__✓__ Miscellaneous: Exhibit 6 - G-12- admitted, G-3- admitted,
                    All exhibits Returned
       **BOND/PRETRIAL DETENTION HEARING**    to government,

_____ Government Motion for DETENTION filed.
__✓__ Bond/Pretrial DETENTION hearing held. waived In this District,
__✓__ Pretrial detention hearing set for _____. (✓ In charging district)
_____ (___VERBAL) Motion to reduce bond GRANTED.
_____ (___VERBAL) Motion to reduce bond DENIED.
_____ Pretrial DETENTION ORDERED.  (Written order to follow _____).
_____ BOND SET at $_____.
       _____ NON-SURETY
       _____ SURETY/CASH: _____ Property Acceptable: _____ Corporate Surety Only
       _____ Combination: _____
_____ SPECIAL CONDITIONS:_____
       _____
       _____
       _____
_____ BOND FILED.  Defendant RELEASED.
_____ BOND NOT EXECUTED.  DEFENDANT TO REMAIN IN MARSHAL'S CUSTODY.

AO 94 (10/82) Commitment to Another District (Rule 40, FRCrP)

FILED IN CHAMBERS
U.S.D.C.  Atlanta

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

JAN 3 1 2008

JAMES N. HATTEN, Clerk
By _Omw_  Deputy Clerk

UNITED STATES OF AMERICA,                    **COMMITMENT TO ANOTHER DISTRICT**

vs.

MOHAMED NGENA,                               CASE NO. 1:08-MJ-093

Charges against the defendant are filed based upon a(n):

**ATTEST: A TRUE COPY CERTIFIED THIS**

X indictment     ☐ information     ☐ complaint     ☐ other (specify)

charging a violation of **Title 18, United States Code, Section(s) 1349, 1344, 2.**     FEB 0 4 2008

James N. Hatten, Clerk
By: S. Evans
Deputy Clerk

| | |
|---|---|
| **DISTRICT OF OFFENSE:** | DISTRICT OF COLUMBIA |
| **DATE OF OFFENSE:** | |
| **DESCRIPTION OF CHARGES:** | BANK FRAUD |
| **BOND IS FIXED AT:** | $ Bond hearing waived, to be held In charging District. |

**TO:  THE UNITED STATES MARSHAL**

You are hereby commanded to take custody of the above-named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some officer authorized to receive the defendant.

Dated at Atlanta, Georgia this 31ST day of January, 2008.

_Russell G. Vineyard_
UNITED STATES MAGISTRATE JUDGE

## RETURN

This commitment was received and executed as follows:

| | |
|---|---|
| **Date Commitment Order Received:** | |
| **Place of Commitment:** | |
| **Date Defendant Committed:** | |
| **Date:** | |
| **United States Marshal:** | |
| **(By) Deputy Marshal:** | |

CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CRIMINAL DOCKET FOR CASE #: 1:08-mj-00093-RGV All Defendants
### Internal Use Only

Case title: USA v. Ngena

Other court case number:  07-147 USDC, District of
                          Colombia

Date Filed: 01/28/2008

Date Terminated: 01/31/2008

Assigned to: Magistrate Judge Russell
G. Vineyard

**Defendant (1)**

| | |
|---|---|
| **Mohamed Ngena** | represented by **Mohamed Ngena** |
| *TERMINATED: 01/31/2008* | PRO SE |
| also known as | |
| Mohamed Gayengena | **Virginia Natasha Perdew-Silas** |
| *TERMINATED: 01/31/2008* | Federal Defender Program |
| | 100 Peachtree Street, N.W. |
| | The Equitable Building, Suite 1700 |
| | Atlanta, GA 30303 |
| | 404-688-7530 |
| | Fax: 404-688-0768 |
| | Email: natasha_silas@fd.org |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | *Designation: Public Defender or* |
| | *Community Defender Appointment* |

ATTEST: A TRUE COPY
CERTIFIED THIS

FEB 0 4 2008

James N. Hatten, Clerk
By: D. Evans
Deputy Clerk

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1344 BANK FRAUD | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Justin S. Anand** |
| | | Office of United States Attorney |
| | | 75 Spring Street, S.W. |
| | | 600 United States Courthouse |
| | | Atlanta, GA 30303 |
| | | 404-581-6322 |
| | | Email: justin.anand@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2008 | ◑ | Arrest (Rule 40) of Mohamed Ngena (ryc) (Entered: 01/31/2008) |
| 01/28/2008 | ◑1 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Virginia Natasha Perdew-Silas for Mohamed Ngena. Signed by Magistrate Judge Russell G. Vineyard on 1/28/08. (ryc) (Entered: 01/31/2008) |
| 01/28/2008 | ◑2 | Minute Entry for proceedings held before Magistrate Judge Russell G. Vineyard: Initial Appearance in Rule 5(c)(3) Proceedings as to Mohamed Ngena held on 1/28/2008. Government's motion for detention filed. Removal/Detention hearing set for 1/31/2008 02:00 PM in Courtroom 2022 before Magistrate Judge Russell G. Vineyard. (Attachments: # 1 Indictment, USDC, District of Colombia) (Tape #RGV 08-02 @ 1426.) (ryc) (Entered: 01/31/2008) |
| 01/28/2008 | ◑3 | MOTION for Detention by USA as to Mohamed Ngena. (ryc) (Entered: 01/31/2008) |
| 01/28/2008 | ◑4 | Order of Temporary Detention Pending Hearing pursuant to Bail Reform Act by Judge Russell G. Vineyard as to Mohamed Ngena. Detention Hearing set for 1/31/2008 02:00 PM in Courtroom 2022 before Magistrate Judge Russell G. Vineyard. (ryc) (Entered: 01/31/2008) |
| 01/28/2008 | ◑5 | ***CJA 23 Financial Affidavit by Mohamed Ngena (ryc) (Entered: 01/31/2008) |
| 01/31/2008 | ◑6 | Minute Entry for proceedings held before Magistrate Judge Russell G. Vineyard: Removal and Detention Hearings as to Mohamed Ngena. Order |

| | | defendant removed to other district. Exhibits admitted. All exhibits returned to Government. Detention hearing waived in this district and will be set in charging district. (Tape #RGV 08-03 @ 1625) (bse) (Entered: 02/04/2008) |
|---|---|---|
| 01/31/2008 | 7 | COMMITMENT TO ANOTHER DISTRICT as to Mohamed Ngena. Defendant committed to USDC District of Columbia. Signed by Magistrate Judge Russell G. Vineyard on 1/31/08. cc: served by deputy clerk. (bse) (Entered: 02/04/2008) |
| 01/31/2008 | | Magistrate Case Closed. Defendant Mohamed Ngena terminated. (bse) (Entered: 02/04/2008) |
| 02/04/2008 | 8 | Transmitted Transfer Rule(c)(3) Documents as to Mohamed Ngena, original file with certified copies of commitment and docket sheet to District of Columbia via certified mail, rrr. (bse) (Entered: 02/04/2008) |