**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

      v.                                                                          Cr. No. 07-147  (GK/JMF)

**MOHAMED NGENA,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. The grand jury has returned an indictment charging the defendant and his co-conspirators with Conspiracy to Commit Bank Fraud.

2. According to the indictment, the scheme involved drawing counterfeit checks on the bank account of Premier Services and depositing them in banks in the District of Columbia and Las Vegas, Nevada.

3. This defendant is alleged to have personally participated in depositing or trying to deposit counterfeit checks in the amounts of $1,985, $7,495, $9,480 and $15,000.

4. The indictment charges the conspirators, including this defendant, with participation in a scheme to deposit a $300,000 counterfeit check.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is a preponderance of evidence that defendant's release on any condition or combination of conditions will not reasonably assure his appearance as required and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are determined to present a serious risk of flight may be detained pursuant to 18 U.S.C. § 3142(f)(2)(A). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, detention is appropriate. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

   a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b. Past conduct, history relating to drug or alcohol abuse;

   c. Criminal history;

   d. Record concerning appearance at court proceedings;

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or

                completion of sentence for an offense under Federal, State or local law;

4.       The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure his appearance as required and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** While the alleged crimes do not involve violence or narcotics, they are crimes of deceit and that bears on my willingness to trust the defendant's promise that he will appear.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** While the defendant has lived in the District of Columbia at one or more points in his life, he has no present address in the District. All I am told is that he has a friend in Germantown who will permit the defendant to live with him. Defendant, however, was arrested in Georgia where he was on probation in a forgery case.

The government indicated that a pre-sentencing investigation report in the Superior Court shows that the defendant has used 10 aliases, four Social Security numbers and four dates of birth in his criminal career.

---

[1] See United States v. Xulam, 84 F.3d 441, 442 ( D.C. Cir. 1996).

**The weight of the evidence.**  Unbeknownst to the defendant, one of his co-conspirators was a government informant, and the government has the forged checks.  At this point, it seems that the defendant faces a strong government case.

**History relating to drug or alcohol abuse.**  There was no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record.**  The defendant has two prior convictions for a violation of the Bail Reform Act.

**Whether on probation or parole at the time of the present offense.**  The defendant is on probation in the Superior Court and, as noted above, in Dekalb County, Georgia.  He must have failed to appear when required in the Superior Court for there is an outstanding warrant for his arrest.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.  The defendant has little or no present connection with the District of Columbia and was arrested in Georgia.  He has two prior convictions for violations of the Bail Reform Act and there is a warrant outstanding for his arrest.  He is on probation for similar offenses in two jurisdictions and he has persistently used aliases, phony dates of birth and Social Security numbers to disguise his identity.  I find him to be a deceptive and untrustworthy person and I have little hope that he will appear when required.  I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure his appearance as required.  I will, therefore, order the defendant detained without bond pending trial.

Dated: March 3, 2008                                     /s/

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE