UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. NO. 07-147-02 (GK) |
| MOHAMED NGENA | : | |

<u>DEFENDANT'S APPEAL OF THE DETENTION ORDER</u>

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3143, respectfully seeks to appeal the detention order entered on March 3, 2008, by the Honorable John Facciola, United States Judge Magistrate. In support of that request, the defendant states the following:

1. The defendant stands indicted in a multi count indictment charging him, and two others, with a conspiracy involving the making and cashing of forged checks. While it is alleged that Mr. NGENA participated in attempts to cash a variety of checks (some created by the government), it appears clear that only $15,000 was obtained in the part of the conspiracy in which the defendant is alleged to have participated.

2. Following a detention hearing at which the government proceeded by proffer, the presiding Judge Magistrate concluded that no condition or combination of conditions would reasonably assure the appearance of the defendant and ordered him held without bond. For the reasons that follow, the defendant believes that such conditions can be fashioned and respectfully requests that the court permit his release on extremely strict conditions.

3. In choosing to detain the defendant, the court noted that the defendant had two prior Bail Reform Act violations and presently had a warrant for his arrest. While it is true that the

defendant has two failures to appear in connection with Superior Court misdemeanors, the defendant represents that those events were the product of an untreated alcohol problem. Similarly, his arrest while in Georgia involved his being found drunk with a forged check in his pocket. The check was in the name of Anthony Florin. While Mr. Ngena was arrested under that name, he did not represent himself to be Mr. Florin at the time of his arrest. That case was eventually the subject of a probationary sentence.

    4. While the government proffered that there was an outstanding warrant for probation violation at the time of the detention hearing, no action whatsoever has been taken since Mr. Ngena's arrest. Counsel contacted the Chambers of the Superior Court Judge who had placed Mr. Ngena on probation and requested that, if a warrant was outstanding, that appropriate action be taken. To date, there has been no action and counsel would surmise that, in reality, the defendant did satisfy his probation requirements.[1]

    4. While the defendant has no relatives in the District of Columbia, he has lived and worked in this area for some time. His contacts with the criminal justice system in D.C. go back to 1997 and counsel has spoken with a friend of the defendant who has known him for a substantial period of time. Indeed, the allegations in the indictment clearly place him in D.C. during 2005. While Mr. Ngena has previously run afoul of the law, his convictions are for relatively minor offenses and do not indicate that he poses any danger if released.

5. Counsel has spoken with Mr. Omar Bah, a longtime friend of the defendant who is willing to allow the defendant to reside with him at his apartment in Germantown, MD, Mr. Bah lives at

---

[1] It should be noted that Mr. Ngena was placed on probation on two related misdemeanor matters. The defendant has represented that he satisfied his requirements and the Criminal Records office at the jail shows no holds on the defendant.

12401 Hickory Tree Way, Germantown, MD 20874.   His residence is located close to the "Red Line" of Metro and would allow the defendant to travel to the courthouse with relative convenience.

     6. Additionally, the defendant would oppose that his release be conditioned upon, weekly in person reporting to the Pretrial Services Agency, entry into an alcohol abuse program, urine testing, and a nightly curfew.  It is believed that these stringent conditions would assure reappearance at any future court proceedings.

     WHEREFORE, for the foregoing   reasons, the defendant respectfully requests that the be released under the conditions suggested in this motion.

Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110

<u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY THAT a copy of the foregoing was served by electronic filing on all interested parties, this 28th day of March, 2008.

.

             _____
             Edward C. Sussman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. NO. 07-147 (GK) |
| MOHAMED NGENA | : |

<u>ORDER</u>

The court has before it the request of the defendant to be released pending trial on a combination of conditions including, alcohol treatment, in person reporting to the Pretrial Services Agency, drug testing, and a curfew. The court finds that the requested conditions will assure the future appearance of the defendant and be consistent with the needs of community safety. It is, therefore, this _____ day of _____, 2008,

ORDERED, that the motion be, and hereby is granted.

_____
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE