UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.  07-147 (GK) |
| | : | |
| FREDERICK S. HILL, | : | |
| DAN V. McKINNEY, and | : | |
| MOHAMED NGENA, | : | |
| | : | |
| Defendants | : | |

**GOVERNMENT'S MOTION FOR EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for exclusion of certain periods of time, as set forth below, from the calculation of time within which this matter must be brought to trial under the Speedy Trial Act[1], pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and 3161(h)(8)(B)(iv).  As grounds for this motion, the Government states as follows:

**PROCEDURAL BACKGROUND**

1. On June 7, 2007, an eight-count indictment was returned charging defendants Hill and Ngena with Conspiracy to Commit Bank Fraud and related counts.  Hill made his initial appearance in this district and was arraigned on this indictment on June 29, 2007.  Ngena remained at large.  A status hearing was set for July 5, 2007, but was rescheduled for July 16, 2007.

2. On July 16, 2007, a status hearing was held and defendant Hill, through counsel, made an oral motion to continue the case for sixty (60) days.  That motion was granted by the Court and the Court excluded this time from the speedy trial calculation due to the extensive discovery that

---

[1] 18 U.S.C. § 3161 *et seq.*

would need to be produced, essentially finding that the ends of justice would be served by such continuance and outweighed the best interest of the public and the defendant in a speedy trial. A further status hearing was scheduled for September 17, 2007.

3. On September 7, 2007, defendant Hill and the government filed a joint motion to continue status hearing and to exclude time from the speedy trial calculation. That same day the Court issued an Order granting the motion, finding that the interests of justice would be served by excluding the time between the date of the order and the next court appearance from the Speedy Trial Act calculation. A status conference was scheduled for November 6, 2007.

4. On or about September 22, 2007, defendant Ngena was arrested in Dekalb County, Georgia under the name Anthony Folorin, and charged with Forgery and related counts.

5. On October 30, 2007, a superseding indictment was returned, charging Hill, Ngena, and Dan McKinney with Conspiracy to Commit Bank Fraud and related counts.

6. On November 6, 2007, a status conference was held and defendant Hill, through counsel, and the government jointly requested a further status conference in December. That request was granted by the Court, and a status conference was scheduled for December 17, 2007. The Court again found that the interests of justice would be served by the continuance and excluded the time between November 6 and December 17, 2007.

7. On December 5, 2007, defendant Dan McKinney appeared before Magistrate Judge Facciola for his initial appearance and arraignment on the superseding indictment. McKinney was released on personal recognizance and ordered to appear before this Court for the status conference on December 17, 2007.

8. The December 17, 2007 hearing was not held because the Court was not available and,

on January 3, 2008, notice was filed that the status conference was rescheduled fo February 7, 2008.

9. On January 4, 2008, Ngena pled guilty to local charges in Dekalb County, Georgia and was placed on probation.

8. On or about January 28, 2008, Ngena appeared in U.S. District Court in the Northern District of Georgia (Atlanta) on the superseding indictment in this case. He was held without bond pending a detention and identity hearing.

9. On or about January 31, 2008, Ngena appeared in court for his detention and identity hearing. Ngena waived the bond hearing and the Magistrate Judge found probable cause to believe Ngena was the person charged in the indictment. He was ordered to be removed to the District of Columbia.

10. On February 7, 2008, defendants Hill and McKinney appeared before the Court for a status hearing. Hill was arraigned on the superseding indictment. A trial date of September 15, 2008 was selected and a further status conference was scheduled for March 19, 2008. An earlier trial date was not possible because of scheduling conflicts with other cases being handled by counsel. In addition, Ngena had not yet appeared before the Court and did not yet have counsel appointed in this case. Nonetheless, in order to "reserve" the earliest possible trial date, the parties requested and the Court agreed to set the trial for September 15, 2008.

11. On February 27, 2008, defendant Ngena appeared before Magistrate Judge Kay in the District of Columbia and was arraigned on the superseding indictment.[2] The government requested that Ngena be detained because of the serious risk that he would flee if released. That request was

---

[2] Ngena's arrival in the District of Columbia was delayed, at least in part, because of the necessity for medical screening for tuberculosis which, according to the U.S. Marshals Service, is a prerequisite to obtaining a "medical clearance" to transport him to this jurisdiction.

granted and a detention hearing was scheduled for March 3, 2008.

12.     On March 3, 2008, Magistrate Judge Facciola conducted the detention hearing for defendant Ngena and found that no conditions or combination of conditions of release could reasonably assure the appearance of the defendant as required and, therefore, ordered defendant Ngena to be detained pending trial.

13.     On March 17, 2008, all parties joined in a consent motion to continue the status hearing scheduled for March 19, 2008. Because the last defendant, Ngena, had only recently arrived in the jurisdiction and, through counsel, received initial discovery, it was unlikely that a meaningful status hearing could be held on March 19, 2008. The Court granted the motion the same day and rescheduled the status hearing for April 24, 2008.

14.     On March 28, 2008, defendant Ngena appealed the detention order issued by Magistrate Judge Facciola. The government opposed Ngena's request for bail to be set and, in an order issued on April 11, 2008, this Court denied Ngena's appeal.

15.     On April 24, 2008, a status hearing was conducted by the Court in this case. The Court set a motions schedule and a hearing date. Counsel for defendant Ngena informed the Court that his schedule would not permit him to participate in the trial set for September 15, 2008. Counsel for Ngena has another trial of a detained defendant scheduled for September 9, 2008, that is expected to last between two and four months. The Court agreed with Mr. Sussman's suggestion that new counsel be appointed to represent Mr. Ngena who could be available for trial on September 15, 2008. Defendant Ngena concurred and, through counsel, agreed to exclude the time between April 24, 2008 and the next scheduled status hearing, May 15, 2008 for speedy trial purposes.

**THE SPEEDY TRIAL ACT**

16. Title 18, United States Code, Section 3161(c)(1) provides, in pertinent part, that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs....

"The [Speedy Trial] Act generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance, [18 U.S.C.] § 3161(c)(1), but the Act contains a detailed scheme under which certain specified periods of delay are not counted [towards the 70-day clock]." Zedner v. United States, 547 U.S. 489, 492 (2006). It is well-established that one of the specified periods of delay that is not counted is set forth in 18 U.S.C. § 3161(h)(7), which excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7); cf. Henderson v. United States, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant.").

17. The Court may "toll" the Speedy Trial Act clock by ordering a continuance, if such continuance serves "the ends of justice." 18 U.S.C. § 3161(h)(8). The court's reasoning must be set forth "in the record of the case, either orally or in writing." Id. These on-the-record findings must indicate that the court weighed the need for a continuance against the countervailing public interest in a speedy trial. See Zedner v. United States, 126 S. Ct. 1976, 1984 (2006). Among the factors the Court should consider in granting an "ends of justice" continuance is

> [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

## THE SPEEDY TRIAL CALCULATION

18. The government submits that, as to all three defendants charged as co-conspirators in the superseding indictment, the speedy trial clock commenced on February 27, 2008, when Ngena – the last defendant to appear in this case – made his first appearance in this case in the District of Columbia before Magistrate Judge Kay. See 18 U.S.C. § 3161(h)(7); cf. Henderson v. United States, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."); United States v. Sanders, 485 F.3d 654, 656 (D.C. Cir. 2007)("Consistent with [§ 3161(h)(7)], the parties agree that the clock began to run when [the last co-defendant] first appeared in court....").[3]

19. The government submits that the speedy trial clock stopped on March 17, 2008, when the parties filed and the Court granted the joint motion to continue the status hearing then scheduled for March 19, 2007. The March 19, 2007 date had been set on February 7, 2008, when Hill and

---

[3] In Sanders, the district court excluded under 18 U.S.C. § 3161(h)(3)(B) a period of time when defendant Sanders, after he had already made his first appearance in the case and the speedy trial clock had started, was incarcerated in Maryland. The appellate court found that this was error, as Sanders' whereabouts were known and he was not unavailable for trial, although he had missed a status hearing. This situation does not arise in the instant case, and the exclusion under § 3161(h)(3)(B) is very different from the exclusion of time that appropriately applies here under § 3161 (h)(7).

McKinney appeared before the court with counsel for a status hearing. Ngena had been arrested in Atlanta but had not yet made an appearance in this jurisdiction nor had he been appointed counsel. Ngena made his first appearance on February 27, 2008. Because counsel for Ngena was new to the case, had only recently been provided discovery, was due to receive additional discovery, and because counsel for Ngena and the government needed to discuss a possible resolution of the case, additional time was needed in order to ensure a productive status hearing. In addition, a trial date of September 15, 2008 had been set in the absence of counsel for Ngena who had not yet been appointed, in order to save a trial date on counsels' busy calendars. Implicit in granting the motion, the government submits, was a finding by the court that the ends of justice served by a continuance outweighed the best interest of the public and the defendant in a speedy trial. The government requests that the Court make that finding explicit in its Order ruling on this motion.[4]

---

[4] Our Court of Appeals recently emphasized that "*Zedner* makes it plain that 'implicit' findings are insufficient to invoke the § 3161(h)(8)(A) exclusion. The *Zedner* Court held that before a judge could toll the speedy trial clock under § 3161(h)(8)(a) [sic], the judge had to make 'express findings' about why the ends of justice were served by a continuance, 547 U.S. at 506...." United States v. Bryant, No. 06-3129, slip. op. at 19 (D.C. Cir. April 25, 2008).

The Court in Zedner acknowledged that

> [a]lthough the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted ... on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case." However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).

Zedner, 547 U.S. at 506-07 (footnote omitted). The Court went on to note that "[t]he best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." Id. at 507, fn. 7.

20. At the April 24, 2008, counsel for Ngena informed the Court that he would be unavailable for trial on September 15, 2008 because of a multi-month trial he has scheduled the prior week. The Court decided to attempt to find new counsel who could be available for trial on September 15, 2008 and scheduled a further status hearing for May 15, 2008. The government submits that the time period between April 24 and May 15, 2008 should be excluded under 18 U.S.C. 3161 (8)(A) because the ends of justice served by a continuance outweighed the best interest of the public and the defendant in a speedy trial.

21. An additional, overlapping excludable period is from March 28, 2008, when Ngena appealed the detention order, and the time between that date and April 11, 2008, when the court denied the appeal.

22. Therefore, to date, nineteen (19) days have elapsed on the speedy trial date – from February 27, 2008 to March 17, 2008.

23. In selecting a trial date of September 15, 2008, even in the absence of defendant Ngena who had not yet arrived in the jurisdiction, the Court sought to preserve the earliest possible date that was consistent with the schedules of counsel already in the case. Counsel for defendant Hill, in particular, had a number of other trials in the coming months and could not set the case before the selected trial date of September 15, 2008. Currently, the Court is attempting to find new counsel for Ngena who will be able to prepare for trial and will be available on the September 15, 2008 trial date. Selecting a trial date within seventy days of February 27, 2008 would result in unreasonably denying defendant Hill continuity of counsel, as counsel was not available in that timeframe. Moreover, it is extremely unlikely that counsel for Ngena could be appointed, digest the voluminous materials in this case, and be ready for trial within seventy days of February 27, 2008.

24.    Therefore, the government submits that a continuance of the case for trial until September 15, 2008, results in a period of delay excludable under 18 U.S.C. § 3161 (8)(A) and asks the Court to find, in the record in this case, that for the foregoing reasons the ends of justice served by setting the trial for September 15, 2008 outweigh the best interest of the public and defendants in a speedy trial.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> United States Attorney
>
> _____/s/_____
> Thomas J. Hibarger
> Assistant United States Attorney
> D.C. Bar No. 413224
> 555 4th Street, N.W., Room 5237
> Washington, DC 20530
> (202) 514-7385
> Thomas.J.Hibarger@usdoj.gov
>
> _____/s/_____
> G. Bradley Weinsheimer
> Assistant United States Attorney
> Bar Number 431796
> 555 4th Street, N.W., Room 5237
> Washington, DC 20530
> (202) 514-7385
> Bradley.Weinsheimer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served electronically on all interested parties via Electronic Filing.

> _____/s/_____
> Thomas J. Hibarger
> Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| vs. | : | Criminal No. 07-147 (GK) |
| | : | |
| FREDERICK S. HILL, | : | |
| DAN V. McKINNEY, and | : | |
| MOHAMED NGENA, | : | |
| | : | |
| Defendants | : | |

**ORDER**

Upon consideration of the government's motion for exclusion of time under the Speedy Trial Act, any opposition to the government's motion, and the entire record in this case, the Court hereby makes the following findings:

1. The Speedy Trial clock began in this case at the time of defendant Mohamed Ngena's appearance before Magistrate Judge Kay on February 27, 2008.

2. The period between March 17, 2008, which was the first scheduled status hearing after Ngena's appearance in the case, and April 24, 2008, is excluded from the Speedy Trial calculation. The Court granted the Consent Motion to Continue the Status Hearing on the basis of finding that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. Specifically, counsel for Ngena had only recently been appointed to the case and had only recently received voluminous, and only partial, discovery. In addition, counsel for Ngena and government counsel needed the opportunity to discuss a possible disposition of the case. Counsel for Ngena could not adequately prepare for a meaningful status hearing in such a short time. Accordingly, the time between March 17, 2008 and April 24, 2008

is excluded.

3. At the April 24, 2008 status hearing, the Court learned that counsel for Ngena would not be available for trial on September 15, 2008, due to a multi-month trial he has scheduled for the week before. The Court selected the September 15, 2008 trial date even before Ngena made his first appearance in this District and before counsel for Ngena was appointed. The September 15, 2008 date was selected to "lock-in" the earliest available date for all counsel then present and the Court, with the hope that counsel for Ngena would be available on that date. In particular, counsel for defendant Hill could not schedule this trial earlier because of a busy trial schedule and other commitments. The Court is seeking to keep the September 15, 2008 date by appointing counsel for Ngena who will be available on that date. This will also give new counsel adequate time to prepare and to discuss a possible disposition with the government. Accordingly, the Court finds that selecting a date before September 15, 2008, would unreasonably deny defendant Hill continuity of counsel and would not give as yet unnamed counsel for defendant Ngena adequate time to prepare, taking into account the exercise of due diligence. For these reasons, the Court finds that the ends of justice served by continuing this matter for a September 15, 2008 trial outweigh the interest of the public and the defendant in a speedy trial.

4. Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial.

THEREFORE, it is this _____ day of _____, 2008, hereby

ORDERED that, in accordance with 18 U.S.C. §§ 3161 (h)(8)(A), (h)(8)(B)(iv) and (h)(7), for the reasons set forth herein and elsewhere in the record in this case, the period of time from March 17, 2008 to September 15, 2008 shall be excluded from the computation of time within which to commence trial.

_____
JUDGE GLADYS KESSLER
UNITED STATES DISTRICT COURT

Copies to: All parties via ECF