UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Criminal No. 07-147 (GK) |
| FREDERICK S. HILL, : <br> DAN V. McKINNEY, and : <br> MOHAMED NGENA, : | **FILED** <br> JUN 0 4 2008 |
| Defendants. : | Clerk, U.S. District and <br> Bankruptcy Courts |

## ORDER

Upon consideration of the Government's Motion for Exclusion of Time Under the Speedy Trial Act, the absence of any opposition to the Government's Motion, and the entire record in this case, the Court hereby makes the following findings:

1.  The Speedy Trial clock began in this case at the time of Defendant Mohamed Ngena's appearance before Magistrate Judge Kay on February 27, 2008.

2.  The period between March 17, 2008, which was the first scheduled status hearing after Ngena's appearance in this case, and April 24, 2008, is excluded from the Speedy Trial calculation. The Court granted the Consent Motion to Continue the Status Hearing on the basis of finding that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. Specifically, counsel for Ngena had only recently been appointed to the case and had only recently received voluminous, and only partial, discovery. In addition, counsel for Ngena and Government counsel needed the opportunity to discuss a possible disposition of the case. Counsel for Ngena could not adequately prepare for a meaningful status hearing in such a short

time. All counsel agreed with these findings. Accordingly, the time between March 17, 2008 and April 24, 2008 is excluded.

3. At the April 24, 2008 Status Hearing, the Court learned that counsel for Ngena would not be available for trial on September 15, 2008, due to a multi-month trial he has scheduled for the week before. The Court had selected the September 15, 2008 trial date before Ngena made his first appearance in this District and before counsel for Ngena was appointed in order to "lock-in" the earliest available date for all counsel then present and the Court, with the hope that counsel for Ngena would be available on that date. In particular, counsel for Defendant Hill could not schedule this trial earlier because of a busy trial schedule and other commitments. The Court sought to keep the September 15, 2008 date by finding counsel for Ngena who would be available on that date and would have adequate time to prepare and to discuss a possible disposition with the Government. Fortunately, Ms. Reita Pendry, a very experienced and competent criminal defense attorney, appeared on behalf of Mr. Ngena and indicated that she could be prepared by the September 15, 2008 trial date. Accordingly, the Court finds that selecting a trial date before September 15, 2008, would both unreasonably deny Defendant Hill continuity of counsel and would not give Ms. Pendry, counsel for defendant Ngena, adequate time to prepare, taking into account the exercise of due diligence. For these reasons, the Court finds that the ends of justice served by continuing this matter for a September 15, 2008 trial outweigh the interest of the public and the defendant in a speedy trial.

4. Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial.

**WHEREFORE**, it is this _4th_ day of May, 2008, hereby

**ORDERED**, that, in accordance with 18 U.S.C. §§ 3161(h)(8)(A), (h)(8)(B)(iv) and (h)(7), for the reasons set forth herein and elsewhere in the record in this case, the period of time from March 17, 2008 to September 15, 2008 shall be excluded from the computation of time within which to commence trial.

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**