UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       :
                                :
v.                              :   Criminal No. 07-147 (GK)
                                :
STEVEN HILL, et al.,             :   **FILED**
                                :
        Defendants.              :   JUL 1 4 2008

Clerk, U.S. District and
Bankruptcy Courts

### MEMORANDUM ORDER

Defendant Steven Hill has filed four Motions: a Motion to Sever Defendants, a Motion to Sever Counts, a Motion to Strike Alias, and a Motion for a Pretrial James Hearing. Upon consideration of the Motions, the Government's Omnibus Opposition, and the applicable case law, the Court concludes that all four Motions should be **denied**.

1.      Defendant Hill argues that severance of Defendants is required because there is a disparity of evidence to be presented against co-defendant Ngena, as compared with that to be presented against him. It should be noted that the Motion does not challenge any joinder of Defendants under Fed. R. Crim. P. 8(b). As our Court of Appeals noted long ago "[t]he prevailing rule is that defendants charged with jointly committing a criminal offence are to be tried jointly." United States v. Gambrill, 449 F.2d 1148, 1159 (D.C. Cir. 1971). This principle is particularly applicable in cases where, as here, defendants are charged with the crime of conspiracy. Moreover, it is up to the defendant to demonstrate prejudice. The Government has denied that there will be any significant disparity in the evidence presented against each Defendant and Defendant's one page argument in support of his Motion demonstrates no such prejudice. Should there be, curative instructions will be given to clarify matters for the jury.

2.      Defendant Hill seeks, pursuant to Rules 8(a) and 14 of the Federal Rules of Criminal Procedure to sever overt acts 1 through 11 of Count 1 and Counts 2-5 from the Indictment. First, it is clear that all the counts are properly joined under Rule 8(b). That Rule permits joinder when two or more defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. That is precisely what the Government has done in this case. The Indictment alleges that Defendants Hill and Ngena were part of a "conspiracy involving a common scheme to furnish, deposit, and cash counterfeit checks." All of the many acts charged by the Government to have been committed by Defendants Hill and Ngena bear the "logical relationship" required by our Court of Appeals in United States v. Spriggs, 102 F.3d 1245, 1255 (D.C. Cir. 1996). Our Court of Appeals has construed Rule 8 broadly in favor of joinder, United States v. Gibbs, 804 F.2d 52, 56 (D.C. Cir. 1990), and it is particularly preferred in conspiracy cases, United States v. Suggs, 531 F. Supp.2d 13, 25 (D.D.C. 2008).

Defendant Hill requests severance under Rule 14 of the Federal Rules of Criminal Procedure on the ground that he will be prejudiced if all claims are tried together. Again, Defendant has offered no specific evidence of the prejudice he fears, other than "the spillover effect and risk of jury confusion." Motion at 3. The Court of Appeals has made clear that severance need not be granted simply because a defendant might have a better chance of acquittal if he, or a count in the indictment, was tried separately. United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991). Given the preference for a joint trial in conspiracy cases with multiple defendants, "where . . . the respective charges require presentation of much of the same evidence, testimony of the same witnesses, and involve two [or more] defendants who are charged, *inter alia*, with participation in the same alleged

acts," United States v. Ford, 870 F.2d 729, 731 (D.C. Cir. 1989), Defendant Hill is not entitled to severance of Counts and overt acts.

3.   Defendant Hill has also moved to strike the alias set forth in the caption of the Superseding Indictment. His true name is in fact Frederick S. Hill. He is also known as Steven F. Hill, the name he used throughout the conspiracy. Given the facts alleged in this case, and in particular, the fact that he used his alias, Steven F. Hill, throughout the conspiracy, it is neither prejudicial nor irrelevant that his alias be listed in the Superseding Indictment.

The Government has agreed in its Opposition to the Motion to refer to Defendant Hill as "Steve Hill" or "Steven Hill," and that any verdict form will carry the name "Steven Hill." Finally, the Court does not find Defendant Hill would suffer any prejudice from being referred to in the Superseding Indictment by his actual name, as well as the name he used with a number of people over an extensive period of time during the course of the alleged conspiracy.

4.   Defendant has also moved for a pretrial hearing pursuant to United States v. James, 590 F.2d 575 (5th Cir.) (*en banc*), *cert. denied*, 442 U.S. 917 (1979), in order to establish that the co-conspirator declaration the Government intends to introduce meets the requirements of Federal Rules of Evidence 801(d)(2)(E).

First, it should be noted that United States v. James was not decided by our Court of Appeals, and is of course not binding precedent. Second, James does not reflect the rulings of our Circuit which have consistently upheld the practice of deferring such hearings until trial. United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994), *cert. denied*, 514 U.S. 1051 (1995); United States v. Jackson, 627 F.2d 1198, 1216 (D.C. Cir. 1980); United States v. Gantt, 617 F.2d 831, 845 (D.C. Cir. 1980).

For all these reasons, it is this 14th day of July, 2008, hereby

**ORDERED**, that Defendant's Motions are **denied**.

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**