

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 15, 2008   CR 07-147

Reita Pendry, Esq.
P.O. Box 5432.
Charlotte, NC 28299

**FILED**
JUL 22 2008
Clerk, U.S. District and
Bankruptcy Courts

Re:   <u>Mohamed Ngena</u>

Dear Counsel:

  This letter sets forth the full and complete plea offer to your client, Mr. Mohamed Ngena. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. Upon receipt, the executed letter will itself become the plea agreement. This plea offer will expire on July 14, 2008. The terms of the offer are as follows:

  1. **Charges:** Mr. Ngena agrees to plead guilty to count one of the indictment charging a violation of Title 18, United States Code, Section 1349, conspiracy to commit bank fraud. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the court by Mr. Ngena and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Ngena agrees that the attached "Statement of Offense" fairly and accurately describes some of Mr. Ngena's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Mr. Ngena will adopt and sign the Statement of the Offense as a written proffer of evidence.

  2. **Potential penalties, assessments, and restitution**: Mr. Ngena understands that the maximum sentence that can be imposed is thirty years imprisonment, a fine of $1,000,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a five-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and Mr. Ngena agree that a sentence of imprisonment between eighteen (18) and thirty-three (33) months is the appropriate sentence in this case. The parties understand that the resulting sentence may be either higher or lower than the Sentencing Guidelines range as calculated by the United States Probation Office. Nevertheless, the parties agree that they will recommend to the court that, pursuant to Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the court to accept the agreed-upon limitation on the maximum sentence.

The parties agree that any period of supervised release and any fine to be imposed would remain within the Court's discretion. The parties understand that pursuant to Rule 11(c)(3)(A), the court may accept the plea agreement including the sentencing range agreed to by the parties, reject the plea agreement, or defer a decision on whether to accept the plea agreement until the court has reviewed the presentence report. Mr. Ngena understands that if the court rejects the plea offer, in accordance with the requirements of Rule 11(c)(5), the court will inform the parties of its rejection of the plea agreement and will afford Mr. Ngena an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform him that the final disposition may be less favorable to him than that contemplated by this agreement.

Mr. Ngena understands that his sentence within this agreed upon range will be determined solely by the court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the court will impose. It is understood that the Sentencing guidelines are not binding on the court. Mr. Ngena further understands that if the court imposes a sentence which is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea. This does not, however, limit Mr. Ngena's right to appeal an unlawful sentence.

3. **Financial Arrangements**: Mr. Ngena agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; he also agrees to pay restitution. Mr. Ngena also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

4. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, or a two-level adjustment if his base offense level is less than 16, provided that Mr. Ngena continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the court. The government will agree to dismiss the remaining counts of the indictment at the time of sentencing.

5. **Reservation of Allocution**: Except as indicated in paragraph two above, The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer and the court of any relevant facts, including any conduct during the course of the conspiracy that the government believes is relevant conduct; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all

of its evidence with respect to all of Mr. Ngena's criminal activities. Defendant Ngena agrees, as set forth in the attached statement of offense, that he was a participant in the conspiracy as to the $1985, $7495, $9480 and $15,000 checks. Defendant Ngena understands that the government will present evidence at sentencing that he also was criminally involved as to the $300,000 check dated June 25, 2004 made payable to Dan's Cleaning Service. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues

6. **USAO-DC's Criminal Division Bound**: Mr. Ngena understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Ngena.

7. **Complete Agreement** No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Ngena, Mr. Ngena's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Ngena may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Ngena and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

G. Bradley Weinsheimer
Assistant United States Attorney

Thomas J. Hibarger
Assistant United States Attorney

4

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement, consisting of five pages, and have discussed it with my attorney, Reita Pendry, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7-22-08

Mohamed Ngena
Defendant

## ATTORNEYS' ACKNOWLEDGMENT

I have read each of the five pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7-22-08

Reita Pendry, Esq.
Attorney for the Defendant

5